

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2006

# Benjamin v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2245

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Benjamin v. Miner" (2006). *2006 Decisions.* Paper 553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2245
_____

TREVOR  BENJAMIN,
<u>Appellant</u>

vs.

JONATHAN MINER, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00607)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
August 23, 2006
Before:  FISHER, ALDISERT, and WEIS, <u>CIRCUIT JUDGES</u>
(Filed  August 25, 2006)
_____

OPINION
_____

PER CURIAM.

 Trevor Benjamin appeals from the District Court's order dismissing a

petition he filed pursuant to 28 U.S.C. § 2241.  As explained below, we will affirm.[1]

---

[1]  We have jurisdiction under 28 U.S.C. § 1291; our review is plenary.  <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002).

Benjamin pled guilty in the United States District Court for the District of Maryland to armed bank robbery and use of a firearm in the commission of a felony; he is serving a sentence of 248 months' imprisonment. On appeal Benjamin raised one issue only, concerning the factual basis for the court's restitution order. The United States Court of Appeals for the Fourth Circuit vacated his sentence on that issue only and remanded for further proceedings. United States v. Benjamin, 117 F.3d 1414 (4th Cir. 1997) (table). In 1999 Benjamin filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, which dismissed the petition with instructions to resubmit it as a motion pursuant to 28 U.S.C. § 2255 in the District of Maryland. Benjamin did so, but the motion was dismissed as untimely.

In 2006 Benjamin filed another section 2241 petition in the Middle District of Pennsylvania, alleging ineffective assistance of counsel and that the denial of his right to a speedy trial deprived the court of jurisdiction to convict him. The District Court dismissed the petition, explaining that the proper means of presenting such claims is a section 2255 motion filed in the sentencing court, that Benjamin may resort to section 2241 only if section 2255 is inadequate or ineffective, and that section 2255 was not rendered inadequate or ineffective merely by Benjamin's lack of success with his previous section 2255 motion or by the restrictions on filing successive section 2255 motions. Citing Cradle v. United States ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the

2

court specifically rejected Benjamin's argument that his jurisdictional challenge may be brought at any time.

We fully concur with the District Court's analysis. Benjamin must present his claims through a section 2255 motion filed in the United States District Court for the District of Maryland; and because he has already filed such a motion, he must first obtain permission from the Fourth Circuit Court of Appeals. <u>See</u> 28 U.S.C. §§ 2244 and 2255. Accordingly, we will affirm the judgment of the District Court.